Shaw, C. J.
We consider it unnecessary to decide, upon the facts herein agreed, whether the first publication of notice by the messenger must be considered as made in the afternoon or evening of the 4th of February, either when the advertisement was left at the printing-office, or when it was set up or struck off; or whether it could not be considered as made, until the paper was actually circulated from the printing-office, on the morning of the 5th of February. The result, in our judgment, would be the same. At the time of that publication, at whatever time it occurred, if on one of the days named, the *197 bank was indebted to the Adamses for money held in deposit. At the same time, the bank held the note in question, on which the Adamses were liable as promisors, and which, if not then payable, was due absolutely, without condition or contingency, and payable afterwards; and was, therefore, by the express words of the statute, a debt provable. This is, therefore, a case, where it appears that there were mutual debts between the parties, and in which, therefore, an account between them is to be stated, and one debt set off against the other. Stat. 1838, c. 163, § 3.
The right of set-off accrues at the time of the first publication ; the property which the assignee takes by the assignment, is that which the debtor could then assign. But a balance due the debtor, from such a creditor, does not pass by the assignment ; because it would defeat the right of set-off which the statute expressly secures. It is no answer to say, that the debt due from the defendants was a deposit of money, to be drawn by the depositors, from day to day; and that the note was not discounted on the credit of that balance. This was no doubt true, when the deposit was made, and the note discounted, and until the insolvency of the depositors; but by that event,— by the warrant and fact of publication, — the rights of the parties were changed, and an account was to be stated, and the mutual debts set off. The case of Rose v. Hart, 8 Taunt. 499, merely settled, that goods deposited to be dyed could not be held against the assignees by way of set-off; because not a debt, nor a dealing which would terminate in a debt, to be an item of account. But in the same case, it was intimated, that an actually existing debt, though payable at a future time, and perhaps a contract, which would result in a debt, would constitute a mutual credit, and might be set off.
A question was made, whether the defendants were the legal holders, owners, or proprietors of the note. The case leaves no room for doubt, on this point. They discounted it, and took a title by indorsement from the payee. The Adamses were promisors, and no demand was necessary to charge them. There was no necessity for charging it in book; the account was to be stated and the balance struck afterwards. The fact *198 that the indorsers indemnified the bank, did not make the note ihe less their own; the indorsees were collaterally liable only

Judgment for the defendant